```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND

FIRST SERVICE NETWORKS, INC.    *

        Plaintiff               *

        vs.                     *    CIVIL ACTION NO. MJG-02-3609

IMPACT SERVICES, INC., et al.   *

        Defendants              *

*       *       *       *       *       *       *       *       *
```

## MEMORANDUM AND ORDER

The Court has before it Defendants' Motion to Dismiss Based on Improper Venue, or in the Alternative, Motion to Transfer and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

The pertinent facts, as alleged by Plaintiff, can be stated succinctly. Defendants Mark Benson, Richard Wetchler, and Sean Mahan ("the Individual Defendants") left the employ of Plaintiff, First Service Networks, Inc. ("FSN") and formed a competing company, Defendant Impact Services, Inc. ("Impact"). The Individual Defendants and Impact (collectively, "the Defendants") allegedly are harming FSN by wrongfully using FSN's confidential proprietary information to take customers from FSN. Of course, the Court is not now addressing the merits of Plaintiff's claim.

Plaintiff brought the instant case invoking the diversity jurisdiction of this Court. See 28 U.S.C. § 1332.

Although Defendants raise an issue as to the propriety of venue in this Court, there is no doubt that, on the facts alleged by Plaintiff (which, for the present are assumed correct), "a substantial part of the events ... giving rise to the claim occurred" in the District of Maryland.  Nevertheless, it is also beyond doubt that proper venue would lie in the federal district of Impact's headquarters in New Rochelle, New York.

The Defendants seek to have the Court transfer this case to the Southern District of New York pursuant to 28 U.S.C. § 1404.

Title 28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." There is no doubt that this case might have been brought in the Southern District of New York.

A court is vested with great discretion in determining whether to grant a transfer under § 1404.  See Quinn v. Bowmar Publ'g Co., 445 F. Supp. 780, 787 (D.Md. 1978).  The burden lies with the defendant to show that a transfer is in the interests of justice.  Id.  As the Fourth Circuit has stated, "a district court is required to weigh the factors involved and '[u]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" Collins v.

Straight, Inc., 748 F.2d 916, 921 (4th Cir. 1984)(quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)).

In determining whether a transfer is warranted, courts consider such factors as: (1) the plaintiff's initial choice of forum; (2) relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing and unwilling witnesses; (4) possibility of a view of the premises, if appropriate; (5) enforceability of a judgment, if one is obtained; (6) relative advantages and obstacles to a fair trial; (7) other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interest in having localized controversies settled at home; (10) appropriateness in having a trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance of unnecessary problems with conflicts of laws. See Choice Hotels Int'l, Inc. v. Madison Tree, Inc., 23 F. Supp.2d 617, 622 n. 4 (D. Md. 1998).

In the present, early stage of the case, the parties present largely general arguments. These boil down to the fact that the Plaintiff and its witnesses prefer a Maryland trial and the Defendants prefer a New York trial. Neither side can, at

present, realistically address the situation regarding witnesses who would appear at trial only if subpoenaed.

At the present stage, the only significance to whether the case is pending in Maryland or New York is the matter of the location of the hearing on the pending Motion for Preliminary Injunction. In terms of that hearing, already scheduled for November 19, 2002, the Court finds no justification for a transfer that would cause substantial delay in the resolution of an "emergency" motion. Nor does the Court find any significant difference between Maryland and New York for the pretrial phase of the case.

The only difference seems to be whether discovery disputes and any summary judgment motions would be decided by this Court or the Southern District of New York. Accordingly, the case will not _now_ be transferred, but Defendants will be afforded relief from having to appear in Maryland for discovery purposes.

If requested by Defendants after any summary judgment motions are resolved, the Court will consider a transfer of the case for trial in New York. At that point, the parties can address, with specificity, the pertinent factors, including the identity and location of witnesses.

4

Accordingly:

1. Defendants' Motion to Dismiss is DENIED.

2. Defendants' Motion to Transfer is DENIED WITHOUT PREJUDICE.

3. Defendants may renew the Motion to Transfer after this Court rules on any summary judgment motions.

SO ORDERED this 14th day of November, 2002.

　　　　　　　　　　　　　　　　　　/s/ Marvin J. Garbis
　　　　　　　　　　　　　　　　　　Marvin J. Garbis
　　　　　　　　　　　　　　　　　　United States District Judge